JAMES BUCKMAN *v.* JAMES CLARKSON'S ADMR.

Judicial Sales—Writ of Possession.

Where land is sold under an execution, possession of the land must be recovered by an action at law prosecuted in the county where the land lies.

APPEAL FROM WASHINGTON CIRCUIT COURT.

January 5, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

It is not necessary in this case to determine whether or not the settlement of appellant as guardian of J. R. Clarkson, deceased, as corrected and admitted to record by the Washington county court is conclusive upon him in this litigation.

It is certainly prima facie evidence between the parties to this suit. And as appellant failed to show that he was charged in said settlement with monies he had not received, the court below did not err in holding him liable for the full amount charged against him in such settlement. It was not necessary that appellee should reply to the answer of appellant except in so far as it sought a judgment over against him for one hundred and thirty dollars claimed to have been overpaid to the ward.

The denials of the correctness of certain charges embraced in the settlement was mere matter of defense, and the credits claimed on account of the pretended receipts Nos. 1, 2, 3 and 4, were pleas of payment, and in no sense either set-offs or counter-claims.

The court below did not abuse its discretion in setting aside the order of submission, and permitting appellant to reply as to the amount claimed as an over-payment.

The burden of proof was upon appellant to show that the four receipts rejected by the county court and relied on in this case were genuine. The testimony of the two witnesses by whom he attempts to show that the signatures to said receipts are the genuine signatures of J. R. Clarkson is unsatisfactory and of but little value.

An examination of the original papers persuade us that

James R. Clarkson either did not know how to spell his own name or else that he did not write the signature attached to the disputed papers. In the receipt of the 3rd of October, 1860, the letter "r" is wholly omitted in spelling the name of Clarkson. The same mistake was made in the receipt of 10th of May, 1859, except that the letter "a" was omitted instead of the letter "r," this awkward mistake was corrected by placing the letter "a" immediately above the letter "r."

Then in the receipt of the 21st of July, 1861, the letter "a" is omitted from the first name James. If these mistakes were made by the ward, then it follows that there was no letter, similarity in his signatures, made at different times that it was impossible for any one to swear to them with any degree of confidence.

In addition to all this there is a suspicious similarity in the appearance of the form slips of paper upon which the receipts were written.

These circumstances, considered in connection with the statements of appellant, that he wrote and signed the receipts himself, completely rebuts any proof that may conduce to show that they were signed by Clarkson.

Appellant wholly fails to prove that he was authorized by his ward to sign said paper. He does not prove that he made any such payments, or, indeed, any payments, over and above such amounts as Clarkson may reasonably be supposed to have earned by his labor. Under such a state of facts the circuit court could not have refused to give judgment for the amount shown to be due by the settlement, and as to such amount the judgment appealed from is affirmed.

Pending the litigation the appellee filed his affidavit under the provisions of Sec. 11, Civil Code, and appellant failing to give the required security, or to pay into court the amount claimed against him, executions were sued out, and certain real estate of appellant situate in Union county levied on and sold, such real estate was purchased by appellee.

Upon final hearing the amounts realized upon the sales made under the executions were properly credited upon the judgment, but the court went further and awarded writs of possession in favor of appellee.

To this extent the judgment is erroneous. The lands were not sold under a judgment or decree in the action, but under

execution, and by the sheriff of a distant county, and officer· of another court. The pleadings of appellee did not ask for any such relief, and none such could properly have been afforded by the Washington circuit court, even if it had been asked for. Appellee must recover the possession of these lands, by an action at law prosecuted in the county where they lie, in so far as the awarding of these writs of possession are concerned, and to no greater extent the judgment appealed from is reversed. The cause is remanded for further proceedings consistent herewith.

*Harrison,* for appellant.
*Thurman, James,* for appellee.